EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Dinorah Burgos García | 2020 TSPR 148<br><br>205 DPR _____ |

Número del Caso:  TS-9232

Fecha:  3 de diciembre de 2020

Abogados de la peticionaria:

     Lcda. Daisy Calcaño López
     Lcdo. Raúl Rodríguez Quiles
     Lcdo. Donald R. Milán Guindín

Materia:  Reinstalación al ejercicio de la abogacía y la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| Dinorah Burgos García | TS-9,232 | |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de diciembre de 2020.

Examinada la *Moción en cumplimiento de orden y otros pormenores* presentada por el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), damos por cumplida la orden emitida en la Resolución de 30 de octubre de 2020.

En cuanto a la *Urgente moción solicitando reinstalación al ejercicio de la abogacía y la notaría,* así como la *Moción urgente informando cumplimiento y reiterando la solicitud de readmisión al ejercicio de la abogacía,* presentadas por la Sra. Dinorah Burgos García, se proveen **ha lugar**. En consecuencia, se reinstala a la señora Burgos García al ejercicio de la abogacía y la notaría. Se advierte que la reinstalación a la notaría está condicionada a que la licenciada Burgos García acredite la adquisición de una fianza notarial buena y válida.

Finalmente, se ordena la reactivación de las quejas AB-2017-0207, AB-2018-0225 y AB-2018-0266.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión:

"La Juez Asociada señora Rodríguez Rodríguez reinstalaría a la Sra. Dinorah Burgos García al ejercicio de la abogacía, más no así a la práctica de la notaría".

El Juez Asociado señor Martínez Torres proveería no ha lugar y hace constar la expresión siguiente:

"El Juez Asociado señor Martínez Torres denegaría la solicitud de reinstalación en esta etapa y solo la consideraría luego de que se adjudiquen los asuntos

disciplinarios pendientes contra la abogada peticionaria, Quejas Núm. AB-2017-0207, AB-2018-0225 y AB-2018-0266. Sigo sin comprender cómo es que una persona es reinstalada con esos procesos pendientes por adjudicar, pero alguien que pide ser instalado por vez primera con quejas similares ante la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía no es admitido hasta que esos asuntos se adjudiquen. Creo que hay que darle el mismo trato a ambos, en protección del interés público. Es tiempo de que este Tribunal reconsidere su proceder, pues el abogado que voluntariamente provocó su suspensión indefinida no tiene derecho a una reinstalación automática".

El Juez Asociado señor Rivera García hace constar la expresión siguiente, a la cual se une el Juez Asociado señor Colón Pérez:

"Disiento del curso decisorio que toma una Mayoría de este Tribunal al autorizar la reinstalación de la Sra. Dinorah Burgos García al ejercicio de la abogacía y la notaría sin previamente considerar el criterio de la Oficina de Inspección de Notarías (ODIN). En vista de lo anterior, hubiera otorgado un término de quince días a ODIN para expresarse, en cuanto al cumplimiento de la encuadernación de la obra protocolar autorizada en el presente año natural 2020."

José Ignacio Campos Pérez<br>
Secretario del Tribunal Supremo